# $taunton.

## CLOWSER v. HALL.

### OCTOBER 8TH, 1885.

ATTACHMENTS—*Affidavits.*—Every averment in an affidavit to support an attachment under Code 1873, ch. 148, sec. 1, must be stated *as a fact,* absolutely, and upon affiant's own knowledge, and not upon belief, or information and belief.

Error to judgment of circuit court of Frederick county. Opinion states the case.

*A. R. Pendleton,* for plaintiff in error.

*Holmes Conrad,* for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

This is a writ of error to an order of the circuit court of Frederick county, entered March 19th, 1874, abating and dismissing an attachment, sued out in said court by S. C. Clowser, plaintiff in an action of trespass on the case for breach of marriage contract, against J. W. C. Hall, the defendant in said suit, as a non-resident of the commonwealth of Virginia, under section 1, chapter 148, of the Code of 1873. The attachment was founded and issued upon the following affidavit, made and filed in the said suit:

"Personally appeared before me, J. B. Burgess, clerk of the

circuit court of Frederick county, Virginia, A. R. Pendleton, attorney-in-fact for S. C. Clowser, who made oath that J. W. C. Hall is, *as he believes*, justly indebted to the said S. C. Clowser in the sum of five thousand dollars; that there is present cause of action therefor; that said J. W. C. Hall is not a resident of this State, and that affiant believes he has estate within said county of Frederick, Virginia."

The order complained of is as follows:

"It further appearing that the affidavit for the attachment issued because of non-residence, states affiant's *belief* in the existence of, and not his *knowledge* of, the facts stated in said affidavit, for that cause the said attachment is abated."

We do not think there is any error in this order.    Section 1, chapter 148, of the Code of 1873, under which the attachment was issued, reads:

"When any suit is instituted for any debt, or for damages for breach of any contract, an affidavit stating the amount and justice of the claim, that there is present cause of action therefor, that the defendant, or one of the defendants, is not a resident of this State, and that the affiant believes he has estate or debts due him within the county or corporation in which the suit is, or that he is sued with a defendant residing therein, the plaintiff may forthwith sue out of the clerk's office an attachment against the estate of the non-resident defendant for the amount so stated."

By the very terms of this statute it is prescribed, that every averment must be stated *as a fact*, as to the amount and justice of the claim; and that there is present cause of action therefor; and that the defendant is a non-resident of the State: that these averments in the affidavit must be absolute, and upon affiant's own knowledge, and not upon information and belief, nor upon *belief*.    *Vide* Daniel on Attachments, sec. 33; Barton's Law Practice, p. 304.

"All the elements of positiveness, knowledge, information, or belief, conjointly or separately, which the statute may re-

quire in the making of an affidavit, should therein appear, or be substantially included in its terms; or it will be bad. Thus, if a statute requires a fact to be sworn to, in direct terms, it is not complied with by the party's swearing that he is 'informed and believes' the fact to exist." Drake on Attachment, sect. 106, 4th edition.

The judgment or order of the circuit court of.Frederick, complained of, is correct, and must be affirmed, and this appeal be dismissed.

JUDGMENT AFFIRMED.